IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARISSE D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-994-WKW [WO] |
| | ) | |
| CYPRESS VILLAGE, LTD., *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Complaint is before the court *sua sponte*. Based upon this court's inherent authority, Plaintiff Charisse D. Allen will be required to replead the Complaint.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To that end, a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Summarized, the factual allegations in the Complaint are as follows. Since August 2003, Plaintiff has leased an apartment in the Cypress Village Apartments complex located in Tuskegee, Alabama. (Compl. ¶ 1.) The complex receives federal funds from the United States Department of Agriculture and/or the United States Department of Housing and Urban Development, and Plaintiff qualifies for rent reductions based upon her "mental disabilities"

that prevent her from working.  (Compl. ¶¶ 8, 12.)  Plaintiff names eight Defendants, both individuals and corporations, affiliated with the ownership and management of the complex.  She brings federal law claims, pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and § 504 of the Rehabilitation Act, presumably 29 U.S.C. § 794(a), and a multitude of state law claims.  (Compl., "Prayer for Relief," ¶ 1.)  The claims rest on allegations of wrongful attempts to evict Plaintiff, efforts to deny Plaintiff rent reductions, and selective enforcement of rules against Plaintiff.  (Compl. ¶¶ 6, 8.)  Some Defendants are charged with the commission of these acts, while others are faulted for their failure to intervene.  (Compl. ¶¶ 15-18.)

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief . . . ."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  "'[S]hotgun pleadings wreak havoc on the judicial system.'"  *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001)).  "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."  *Id.*; *see also Davis*, 516 F.3d at 981-83 (discussing the many "unacceptable consequences of shotgun pleading").  Furthermore, Rule 10(b) of the Federal Rules of Civil Procedure instructs that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  Fed. R. Civ. P. 10(b); *see also Davis*, 516 F.3d at 980 ("[U]ntold causes of action, all bunched together in one count[, are] contrary to the requirements of Federal Rules of Civil Procedure 10(b).").

The Complaint is a shotgun pleading, and it violates Rule 10(b).  There are no counts, only a "Prayer for Relief."  (Compl., "Prayer for Relief" ¶ 1.)  In that Prayer for Relief, Plaintiff's claims are crammed into a 300-word single sentence, connected by a plethora of commas.  Reading between the commas, there appear to be no less than twenty-four claims.  But deciphering what all of those claims are, which facts are meant to support which claim, and how each Defendant is liable is an insurmountable task for several reasons.  First, the string citations of claims are introduced by a solitary phrase, "Based on the factual allegations stated in this complaint, Plaintiff . . . requests that all defendants named herein be found jointly and severally liable for . . . ."  (Compl., "Prayer for Relief," ¶ 1.)  Because every allegation is incorporated into every claim set out in the Prayer for Relief, Plaintiff's Complaint presents "a perfect example of 'shotgun' pleading."  *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Second, as to the federal law claims specifically, there are only legal conclusions, for example, of "discrimination against a disabled person," "discrimination in the terms, conditions or privileges of a sale or rental of a dwelling," and "acts of coercion, threats, and intimidation, and interference."  (Compl., "Prayer for Relief," ¶ 1.)  There is no hint in the Prayer for Relief about which facts support which claims or what acts or omissions Defendants committed.

Third, where the federal law claims end and the state law claims begin is not clear.  The initial five claims specifically reference federal statutes; however, those five claims are followed by what are best characterized as rants about the mistreatment Plaintiff allegedly

3

endured, to include allegations of multiple instances of "harassment," "misuse of federal funds," "failure to provide a fair hearing over a grievance arising from a malfunctioning toilet," and "failure to fulfill an ongoing duty to inspect and repair the premises." (Compl., "Prayer for Relief," ¶ 1.) Plaintiff provides no indication of what type of claim, if any, she is making based upon these allegations.

Fourth, there is a clear violation of the organizational requirements of Rule 10(b). It is evident from the "Factual Allegations" section of the Complaint that many of the claims are predicated on discrete acts committed between June 15, 2009, and November 22, 2010. Yet, there are no separate counts for separate occurrences. Instead, all claims are lumped together in a rambling sentence under the heading of "Prayer for Relief." Plaintiff's prayer goes unanswered for not even the Divine would be able to divine what it is Plaintiff seeks.

It is the plaintiff's job "to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading." *Davis*, 516 F.3d at 980 n.57 (citation and internal quotation marks omitted). When a plaintiff fails to perform her job and the defendant does not move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure,[1] *see Davis*, 516 F.3d at 983, the district court has "the inherent authority to demand repleader *sua sponte*," *Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (italics added). The court exercises that authority here.

---

[1] Three Defendants have moved to dismiss the claims against them for failure to state a claim for which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). (Doc. # 26.) In light of the findings herein, that motion will be denied.

Accordingly, it is ORDERED that Plaintiff is GRANTED until **May 13, 2011**, to file an amended complaint that comports with the pleading requirements.  Failure to file an amended complaint by this deadline will result in dismissal of this action.

It is further ORDERED that Defendants' Motion to Dismiss (Doc. # 26) is DENIED.

DONE this 3rd day of May, 2011.

                                             /s/ W.  Keith Watkins
                                        UNITED STATES DISTRICT JUDGE