IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARISSE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:10-CV-994-WKW |
| ) | |
| CYPRESS VILLAGE, LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

In a prior Order, the court *sua sponte* ordered Plaintiff Charisse D. Allen to replead her shotgun complaint. She complied with the deadline for repleading, and now pending is Defendants' partial motion to dismiss the amended complaint, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 37.) The motion is accompanied by a brief. (Doc. # 38.) The motion to dismiss argues for dismissal of all claims against Defendants Judith C. Van Dyke and The Bennett Group, and argues for dismissal of the claims for implied breach of warranty of habitability and the tort of outrage against all Defendants. Plaintiff filed a response, conceding the dismissal of one Defendant (Judith C. Van Dyke), but Plaintiff otherwise opposes the motion. (Doc. # 39.) For the reasons to follow, the motion is due to be granted in part and denied in part.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Personal jurisdiction and venue are not disputed, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950 (brackets added; citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*Twombly* formally retired "the often-criticized 'no set of facts' language previously used to describe the motion to dismiss standard." (citation omitted)).

### III. FACTS

Since August 2003, Plaintiff has leased an apartment in the Cypress Village Apartments complex located in Tuskegee, Alabama. (Am. Compl. ¶¶ 4, 5 (Doc. # 35).) The complex receives federal funds from the United States Department of Agriculture and/or the United States Department of Housing and Urban Development, and Plaintiff qualifies for rent reductions based upon her mental disabilities that prevent her from working. (Am. Compl. ¶¶ 6, 13, 25.) Plaintiff names eight Defendants, who are both individuals and corporations affiliated with the ownership

and management of the complex. (Am. Compl. ¶ 3(a)-(h).) She brings federal law claims, pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and § 504 of the Rehabilitation Act, and five state law claims. (Am. Compl. ¶ 1.) Plaintiff alleges that Defendants have engaged in hostile tactics against her, to include multiple wrongful attempts to evict her, "abusive and offensive" language, efforts to deny her rent reductions, and selective enforcement of rules. (Am. Compl. ¶¶ 7-11.) She further contends that the toilet in her apartment is malfunctioning, that her apartment is infested with mold and mildew, and that Defendants have ignored her requests for repairs. (Am. Compl. ¶¶ 12-14.) Some Defendants are charged with committing these acts, while others are faulted for failing to intervene. (*See, e.g.*, Am. Compl. ¶¶ 11, 14-16, 18-19.)

## IV. DISCUSSION

In the pending motion to dismiss, Defendants challenge the sufficiency of the Amended Complaint's allegations to state a claim for relief against Defendants Judith C. Van Dyke and The Bennett Group. Defendants further contend that two of the state law claims, namely, the claims for implied breach of warranty of habitability and outrage, fail to state a claim for relief as to all Defendants.

First, Defendants contend that all of the allegations against Ms. Van Dyke stem from her alleged deficient legal representation of The Bennett Group on matters

pertaining to "federal housing laws," but that Ms. Van Dyke's "status" as attorney for The Bennett Group "does not give rise to a plausible basis for recovery against her . . . ." (Doc. # 38, at 4.) In response, Ms. Allen "concedes" that the claims are due to be dismissed against Ms. Van Dyke, "without further argument." (Doc. # 39, at 1.) Based upon Ms. Allen's concession, Defendants' motion to dismiss all claims against Ms. Van Dyke will be granted.

Second, Defendants contend that the Amended Complaint improperly seeks to hold The Bennett Group liable for the acts of Ms. Mayberry and Ms. Banks. They assert that the mere fact that The Bennett Group is the parent company of the company (Cypress Village LTD) that owns the apartment complex (Cypress Village Apartments) "does not support a plausible theory against" The Bennett Group because Ms. Mayberry and Ms. Banks were employed by an independent management company (Charter Property Management Company, Inc.). (Doc. # 38, at 4.) Defendants cite no authority for their argument and fail to discuss any of the claims specifically. In particular, they fail to address Plaintiff's allegations that certain Defendants were put on notice of Plaintiff's complaints and failed to act or to discuss the doctrine of vicarious liability, which is permitted, for example, under the Fair Housing Act. *See generally Meyer v. Holley*, 537 U.S. 280 (2003). Defendants' cursory and unsupported argument is reason enough to deny the motion to dismiss.

*See United States v. Belfast*, 611 F.3d 783, 821 (11th Cir. 2010) ("We routinely decline to address . . . cursory arguments, and this case presents no exception."). Defendants' motion to dismiss all claims against The Bennett Group will be denied.

Third, Defendants contend that Alabama law does not recognize a cause of action for "implied warranty of habitability in leases of residential apartments," as alleged in Count H.[1] (Doc. # 38, at 5.)  The decisions relied upon by Defendants support their position. *See Osborn v. Brown*, 361 So. 2d 82, 90 (Ala. 1978) (refusing "to recognize the existence of an implied warranty of habitability in leases of new residential apartments"); *see also Ex parte Coleman*, 705 So. 2d 392, 397 (Ala. 1997) ("[A]lthough the Court of Civil Appeals stated that it declined to adopt what it called the equivalent of an implied warranty of habitability in the landlord-tenant context, stating that it agreed with this Court that the adoption of new laws is a function for the Legislature, by holding as it did, the Court of Civil Appeals did exactly what it professed not to do."); *see also Murphy v. Hendrix*, 500 So. 2d 8, 8 (Ala. 1986) ("While we could recognize an implied warranty of habitability, . . . we are of the opinion that the best forum for making a change in our law is the legislature."). Ms. Allen, on the other hand, responds in conclusory fashion that the facts alleged state a

---

[1] Count H (as styled by Plaintiff) alleges that Plaintiff's leased apartment is uninhabitable because it is infested with mold and mildew and does not have a "functioning toilet." (Am. Compl. ¶ 37.)

claim for breach of an implied warranty of habitability. (Doc. # 39 ¶ 13.) She neither addresses the cases relied upon by Defendants nor cites any opposing authority. Accordingly, based upon the authority cited by Defendants, Defendants' motion to dismiss Count H will be granted.

Fourth and finally, Defendants argue that the tort of outrage does not encompass the conduct alleged in Ms. Allen's Amended Complaint.[2] (Doc. # 38, at 5-6.) The tort of "outrage is a very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993) (citing nineteen cases for support that the Alabama Supreme Court "has held in a large majority of the outrage cases reviewed that no jury question was presented"). And, only a handful of factual scenarios have been held to fall within this tort's purview. *See Little v. Robinson*, No. 1090428, 2011 WL 1334416, at *4 (Ala. 2011) (published) (discussing the three limited types of conduct held actionable under the tort of outrage, as set out in *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)). Notwithstanding the tort's limitations, the Alabama Supreme Court recently observed, "That is not to say . . . that the tort of outrage is viable in only the

---

[2] In Count J, Plaintiff alleges that Defendants are liable for the tort of outrage based upon the acts of Ms. Banks and Ms. Mayberry. Those acts include filing "several false police reports against [Plaintiff]," filing "several wrongful eviction notices against [Plaintiff]," threats "to wrongfully raise [Plaintiff's] rent repeatedly," and entreaties to other tenants "to harass, bother and annoy [Plaintiff]." (Am. Compl. ¶ 41.)

three circumstances noted in *Potts*[,]" 771 So. 2d at 462.  *Id.* at *4 (observing that it recently had affirmed a judgment on a tort-of-outrage claim in a fourth situation).

Plaintiff no doubt faces a high hurdle on her tort of outrage claim.  However, based upon *Little*, the court is reluctant to dismiss the claim at the pleading stage based upon an argument that the facts of this case do not fall within the categories of outrageous behavior previously identified by the Alabama Supreme Court.  Additionally, it is noteworthy that the Alabama Supreme Court decision that Defendants argue is most analogous to this case was decided at the summary judgment stage based upon the evidence, not at the motion to dismiss stage.  (Doc. # 38, at 6.)  While it is a close call, applying *Twombly*'s plausibility standard, *see* 550 U.S. at 570, and given the limited argument from Defendants, the court will permit the claim to go forward.

## V.  CONCLUSION

Based upon the foregoing, it is ORDERED that Defendants' partial motion to dismiss the amended complaint (Doc. # 37) is GRANTED in part and DENIED in part as follows:

(1)    The motion is GRANTED as to all claims brought against Defendant Judith C. Van Dyke, and said Defendant is DISMISSED as a party to this lawsuit;

8

(2) the motion is GRANTED as to the state law claim against Defendants for implied breach of warranty of habitability, and said claim is DISMISSED;

(3) the motion is DENIED as to the state law claim against Defendants for the tort of outrage; and

(4) the motion is DENIED as to Defendants' argument for dismissal of The Bennett Group.

DONE this 27th day of June, 2011.

                          /s/ W. Keith Watkins
                    CHIEF UNITED STATES DISTRICT JUDGE