IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARISSE D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:10cv994-WKW |
| | ) | (WO) |
| CYPRESS VILLAGE, LTD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On January 5, 2012, this matter was set for a status and scheduling conference on May 15, 2012. (Doc. # 76). On May 15, 2012, the plaintiff informed the court that she was unable to attend the hearing. *See* Doc. # 81. The court continued the status and scheduling conference until June 12, 2012, and directed the plaintiff to personally appear at that time. (*Id.*) The plaintiff was specifically cautioned that if she failed to appear as required by the order, the court would treat her failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure.

On June 11, 2012, the plaintiff filed a motion to reschedule the June 12, 2012, status and scheduling conference. (Doc. # 83). On June 12, 2012, the court granted the plaintiff's motion to continue and reset the status and scheduling conference to July 10, 2012. The court specifically advised the plaintiff of the ramifications if she failed to appear as directed by the court.

> The plaintiff filed this action and has a duty to prosecute her case. Part of that duty involves appearing in court. No further continuances will be granted. The plaintiff is specifically advised that if she fails to appear as required by this order, the court will treat her failure to appear as a failure to prosecute and will recommend dismissal of this case.

(Doc. # 84).

On July 10, 2012, the plaintiff did not appear at the status and scheduling conference.[1] At the hearing, the defendants orally moved to dismiss this case for the plaintiff's failure to prosecute her case.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. & Landscaping Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). A district court has discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED.R.CIV.P. 41(b). "The court's power to dismiss [under Rule 41(b)] is an inherent aspect of its authority to enforce its orders and insure disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th

---

[1] Also pending before the court is the defendant's motion for a mental evaluation (doc. # 79). In light of the plaintiff's failure to prosecute this case, this motion will be denied as moot.

Cir. 1967)[2]).

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id*. at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). It is apparent that Allen has failed to prosecute this case. She is the plaintiff; the claims are her claims, and if she will not pursue them, there is nothing left for the court to do but dismiss them. Justice will not be served by allowing this case to stagnate on the court's docket while subjecting the defendants to prolonged uncertainty and additional legal costs on the unfounded hope that Allen will someday desire to pursue her complaint. *See Goforth*, 766 F.2d at 1535 (holding that lesser sanctions than dismissal "would not have served the interests of justice" where further delay would have only served to punish the defendants).

> The district judge is not required to ignore a litigant's voluntary absence from the hearing set in [her] case and continuously reset hearings on the chance that the litigant may later decide to attend one. If it is clear that a moving party deliberately failed to appear at a hearing on the issues [s]he raises, dismissal is appropriate whether or not it further appears that it might have suited h[er] convenience to appear should one be later set."

*Clark v. James*, 794 F.2d 595, 597 (11th Cir. 1986). *See also Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167-69 (5th Cir. 1980) ("[E]ven a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices, and fails to attend hearings and depositions.") Consequently, the court concludes that the plaintiff's abandonment of her

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

claims, her failure to comply with the orders of this court and her failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' oral motion to dismiss be GRANTED and that this case be dismissed for the plaintiff's abandonment of her claims, failure to prosecute this action and failure to comply with the orders of the court.  It is further

ORDERED that the defendants' motion for a mental evaluation (doc. # 79) be and is hereby DENIED as moot.  Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **July 25, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2012.

                                              /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE